**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DEYSI ESPINOZA MONTENEGRO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **NO. SA-26-CV-6443-OLG** |
| | § | |
| **TODD BLANCHE *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Deysi Espinoza Montenegro's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 4). Upon review, the Court finds that the Petition must be and hereby is **DENIED** for the reasons below.

Petitioner entered the United States without inspection in 2022; was apprehended and re-detained by immigration authorities on October 1, 2026; and remains mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of her full removal proceedings. (Dkt. No. 4 at 10.) Petitioner challenges her detention as violating her right to due process.[1]

The full Fifth Circuit in *Sosnava-Rodriguez v. Vergara* has now foreclosed Petitioner's constitutional bases for relief (*see* Dkt. No. 1 at 10–12), holding that such mandatory detentions do not violate an applicant for admission's Fifth Amendment right to due process. *See* --- F.4th --- , 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026) (en banc) ("Because Petitioners have never been

[1]Petitioner also asserts entitlement to habeas relief based on the Administrative Procedure Act (APA) and the *Accardi* doctrine. (*See* Dkt. No. 1 at 8–10.) These claims are **DISMISSED**. *See, respectively, Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *5 (N.D. Tex. Apr. 13, 2026) (explaining that APA claims are only available when "there is no other adequate remedy in a court," and a "request for habeas relief . . . unwittingly admits that there is, in fact, an adequate remedy outside of the APA"); *Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only."); *Chi*, 2026 WL 1062625, at *6 (explaining that an *Accardi* claim "is inapposite in a petition for habeas relief").

admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal."); *see also id.* at *7 ("[P]rocedural due process does not require bond hearings . . . in the context of § 1225(b)(2)(A)."); *id.* at *11 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a substantive due process right.") (quoting *Washington v. Glucksberg*, 521 U.S. 702, at 720–21 (1997)); *id.* at *12–13 (holding that duration of an applicant for admission's pre-removal detention raises no constitutional concerns).[2]

Accordingly, Petitioner's request for habeas relief (Dkt. No. 1) must be and hereby is **DENIED**.

Petitioner's Emergency Motion for Expedited Consideration (Dkt. No. 5) and Motion for Leave to File Reply (Dkt. No. 6) are **DISMISSED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on November 16, 2026.

ORLANDO L. GARCIA
United States District Judge

[2]The Court notes that the Fifth Circuit pretermitted the possibility that it may later entertain a due process claim from applicants for admission who have been detained for exceedingly long periods and can demonstrate that their "removal proceedings were used as a façade 'to incarcerate [them] for other reasons.'" *Sosnava-Rodriguez*, --- F.4th at ---, 2026 WL 3181188, at *13 (quoting *Demore v. Kim*, 538 U.S. 510, 533 (2003) and favorably citing *Banyee v. Garland*, 115 F4th 928, 934 (8th Cir. 2024)). The court did not endorse this argument: it merely "d[id] not dismiss the idea." *Id.* Accordingly, while it is not this Court's place to take that step, Petitioner may wish to consider presenting such an argument to the Fifth Circuit on appeal from this Order.